**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JOE SABO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00115-M-BP** |
| | § | |
| **NETSPEND / TRANSACT BY** | § | |
| **7 ELEVEN,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Plaintiff's Complaint, ECF No. 1, filed on October 8, 2019 by Joe Sabo. This case was automatically referred to the undersigned for pretrial management pursuant to Special Order 3 on that same date. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** the case **without prejudice** because Sabo failed to timely serve Defendants.

**I. BACKGROUND**

Sabo, who is proceeding *pro se* and *in forma pauperis*, filed suit against Defendants, alleging "Netspend has said I could not ever get a debete [sic] card from them again … because of illegal activity." ECF No. 1. By Order entered on October 25, 2019, the undersigned directed the Clerk of Court to deliver summons forms with a copy of the order to Sabo to complete and return to the Clerk within thirty days of the order for issuance of the summonses. ECF No. 7. The Court's Order warned Sabo that "[f]ailure of Plaintiff to complete the forms and to timely return them to the Clerk may result in the dismissal of this action for lack of prosecution without further notice."

*Id.* The file reflects that on October 25, 2019, the Clerk of Court mailed the summons forms to Sabo at the address provided. Sabo failed to complete and return the summons forms.

## II.  LEGAL STANDARD AND ANALYSIS

The plaintiff is responsible for having the summons and complaint served upon the defendants within ninety days of filing the complaint. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not properly served within this time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see, e.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013).

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). When considering an extension of time to perfect service, the court "must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (citation omitted) (emphasis in original).

Here, Sabo failed to timely serve Defendants. He filed the Complaint on October 8, 2019. The Court entered an Order on October 25, 2019 directing the Clerk of Court to provide summons forms to Sabo and requiring him to return the forms to the Clerk for service. The Court's Order

warned Sabo that failure to complete and return the forms to the Clerk within thirty days of the date of the order might result in dismissal of his case for failure to prosecute without further notice. Sabo did not meet this deadline.

## III.    RECOMMENDATION

Because Sabo failed to serve Defendants as required by law and as ordered by the Court, the undersigned recommends that Chief United States District Barbara M. G. Lynn **DISMISS** this case **without prejudice**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on **February 25, 2020**.


Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE