## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JOE SABO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00115-M-BP** |
| | § | |
| **NETSPEND / TRANSACT BY** | § | |
| **7 ELEVEN,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Joe Sabo's Motion to Resume, ECF No. 11, filed June 18, 2020. In the Motion, Plaintiff requests "to resume" this case. *Id.* The Court construes the Motion as seeking relief from the Judgment under Federal Rule of Civil Procedure 60. Because Plaintiff offers no reasons why the Court should reconsider its Judgment, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** the Motion.

## I.      BACKGROUND

Plaintiff originally filed his *pro se* Complaint in this case on October 8, 2019. ECF No. 1. Plaintiff asserts in his Complaint that the Defendants wrongfully refused to issue a debit card to him. ECF No. 1. Although the Complaint is unclear as to the date of the event that gave rise to Plaintiff's claims, a police report attached to the Complaint is dated September 30, 2019. ECF No. 1-1 at 1. The case was automatically referred to the undersigned for pretrial management pursuant to Special Order 3. ECF No. 3. The Court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis on October 25, 2019 and directed Plaintiff to return completed

summons forms and a Form 285 to the Clerk of Court within thirty days of the date of the order. ECF No. 7. Plaintiff did not comply with the Court's order.

By Findings, Conclusions, and Recommendation entered on February 25, 2020, the undersigned recommended that Chief Judge Lynn dismiss this case without prejudice because Plaintiff did not return the necessary forms to serve process on the defendants within the time period provided in the Court's order. *See* ECF No. 8. On March 26, 2020, Chief Judge Lynn accepted the Findings, Conclusions, and Recommendation and entered the Judgment dismissing the case without prejudice. *See* ECF Nos. 9 and 10.

## II.    DISCUSSION

Sabo has now moved for reconsideration of the Judgment in a one-page, handwritten document. ECF No. 1. He does not include any legal arguments or authorities in support of his Motion.

Rule 60(a) provides for corrections to a judgment due to clerical mistakes or a mistake caused by oversight or omission. Fed. R. Civ. P. 60(a). Sabo alleges no such mistakes that would apply to the Court's Judgment in this matter, and the undersigned sees none. Accordingly, reconsideration under Rule 60(a) is unavailable. Rule 60(b) permits relief from a judgment for several reasons, none of which Sabo urges in his Motion. He provides no basis for correcting, revising, or reconsidering the Judgment under Rule 60(b).

Sabo has provided no legal or equitable reason why the Court's Judgment is in error. Because the Court's Judgment dismissed his Complaint without prejudice, Plaintiff is free to refile it if he so chooses. And if the conduct of which he complains occurred in 2019, he has time to refile his Complaint within the applicable statute of limitations that applies to his claim. Accordingly, Chief Judge Lynn should **DENY** Plaintiff's Motion to Resume, ECF No. 11.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 2, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE